**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE LEGAL AID SOCIETY, NATIONAL
IMMIGRATION PROJECT OF THE
NATIONAL LAWYERS GUILD, and
AMERICAN IMMIGRATION COUNCIL,

        Plaintiffs,                    Civil Action No. 1:26-cv-1140

        v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, and U.S. DEPARTMENT OF
HOMELAND SECURITY,

        Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeks to compel Defendants U.S. Citizenship and Immigration Services ("USCIS") and U.S. Department of Homeland Security ("DHS") to publish on USCIS's website non-precedent decisions issued by its Administrative Appeals Office ("AAO") since March 2025, and to resume publication of such decisions going forward. Plaintiffs also seek disclosure of records relating to agency instructions as to the suspension of the publication of such decisions on USCIS's website.

2.      The AAO non-precedent decisions (hereinafter "the decisions") allow Plaintiffs, other immigration law practitioners, and the public at large to monitor how the agency adjudicates certain applications for immigration benefits.

3.      Until approximately March 12, 2025, USCIS routinely published the decisions on the agency's website, but it has not published any decisions since that time.

1

4.      The decisions are final opinions of the AAO made in the adjudication of cases, and thus subject to proactive disclosure by the agency under 5 U.S.C. § 552(a)(2)(A).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C § 1331 since this action arises under FOIA against agencies of the United States.

6.      Venue lies in this district under 5 U.S.C § 552(a)(4)(B) and the doctrine of pendent venue: Plaintiff The Legal Aid Society's principal place of business is in this district, and Plaintiffs National Immigration Project and American Immigration Council's claims arise from the same FOIA request as the one filed by The Legal Aid Society.

## PARTIES

7.      Plaintiff The Legal Aid Society is a 501(c)(3), tax-exempt, nonprofit legal services organization, the oldest and largest in the nation, dedicated since 1876 to providing quality legal representation to low-income New Yorkers. It is dedicated to one simple but powerful belief: that no New Yorker should be denied access to justice because of poverty. The Legal Aid Society handles 300,000 individual cases and matters annually and provides a comprehensive range of legal services in three areas: the Civil, Criminal, and Juvenile rights practices. The Legal Aid Society's Immigration Law Unit (the "ILU") is a recognized leader in the delivery of free, comprehensive, and high-caliber legal services to low-income immigrants in New York City and surrounding counties. Part of the ILU's work consists of representing individuals in various applications for immigration benefits with USCIS, including but not limited to petitions or applications under the Violence Against Women Act, for Special Immigrant Juvenile Status ("SIJS"), for U nonimmigrant status, for T nonimmigrant status, for Temporary Protected Status, for waivers of inadmissibility, for applications for permission to

reapply for admission after removal, for certificates of citizenship, for applications to replace certificates of naturalization and citizenship,  applications to preserve residence for naturalization purposes, and in AAO administrative appeals of USCIS application denials.

8.      Plaintiff National Immigration Project of the National Lawyers Guild ("National Immigration Project") is a national 501(c)(3), tax-exempt, nonprofit organization. Its members and supporters include attorneys, legal workers, advocates, community organizations, and people who have faced detention or deportation and their loved ones. The National Immigration Project provides technical and litigation assistance, participates in impact litigation, provides legal training to the bar and the bench, and regularly publishes practice advisories and community resources on immigration law topics. Through its educational materials, the National Immigration Project provides resources and trainings to thousands of immigration practitioners and community members across the country.

9.      Plaintiff American Immigration Council ("the Council") is a nonprofit educational and charitable organization. The Council strives to strengthen the United States by shaping immigration policies and practices through innovative programs, cutting-edge research, and strategic legal and advocacy efforts grounded in evidence, compassion, justice, and fairness. It authors factsheets, special reports, and blog posts on proposed and actual immigration policies, some of which shape media coverage in outlets across the nation. It also analyzes immigration data and other government records—including those obtained through FOIA requests like the one at issue in this litigation—in interactive web reports and blog posts. The Council circulates these publications to hundreds of thousands of readers through its website, email newsletters, and social media accounts.

10.     Defendant USCIS is a subcomponent of DHS and an agency within the meaning of 5 U.S.C §§ 552(f)(1), 701, and 702. USCIS is the subcomponent tasked with adjudicating applications for various immigration benefits requests filed by or on behalf of noncitizens. The AAO is an office within USCIS that functions as an appellate body that adjudicates appeals of unfavorable USCIS decisions on certain benefits applications filed by or on behalf of noncitizens.

11.     Defendant DHS is an agency within the meaning of 5 U.S.C §§ 552(f)(1), 701, and 702. It is the parent agency of USCIS. It "has a decentralized system for responding to FOIA requests" where requests for DHS records are directed to and processed by FOIA offices in USCIS and each of its other individual components. 6 C.F.R. § 5.3(a)(1). DHS rules, policies, and procedures govern USCIS's processing of FOIA requests. *Id.* § 5.1(a)-(c). As such, DHS has possession, custody, and control of the records that Plaintiffs seek. *Sanchez Mora v. U.S. Customs & Border Protection*, Civil Action No. 24-3136, 2025 WL 1713252, at *5 (D.D.C. June 18, 2025) (FOIA "requests submitted to a DHS component…must also be understood as submitted to DHS, the parent agency.").

## STATEMENT OF FACTS

### A. Until 2025, USCIS Posted New Non-Precedent AAO Decisions on Its Website Within Weeks of Their Issuance.

12.     The AAO is the appellate body within USCIS with jurisdiction to review unfavorable decisions of applications filed by noncitizens for certain categories of immigration benefits.

13.     The AAO has appellate jurisdiction over approximately fifty different immigration case types filed with USCIS. The types of applications range in subject matter and include, without limitation: most employment-based immigrant and nonimmigrant visa petitions

4

(Forms I-140 and I-129); EB-5 immigrant investor petitions (Form I-526) and Regional Center

applications (Form I-924); Temporary Protected Status applications (Form I-821); fiancé(e)

petitions (Form I-129F); applications for a waiver of inadmissibility (Form I-601); applications

for permission to reapply for admission after removal (Form I-212); certain special immigrant

visa petitions (Form I-360, except for Form I-360 widower appeals, which are appealable to the

Board of Immigration Appeals); orphan petitions (Forms I-600/I-600A and I-800/I-800A); T visa

applications for victims of human trafficking (Form I-914), U visa petitions for victims of

criminal activity (Form I-918), and the related adjustment of status applications (Form I-485);

applications for certificates of citizenship (Form N-600) and applications to replace certificates

of naturalization and citizenship (Form N-565); applications to preserve residence for

naturalization purposes (Form N-470); and Immigration and Customs Enforcement

determinations that a surety bond has been breached.

14.    According to USCIS's AAO Appeals Adjudication data, the AAO adjudicated

2,878    appeals during Fiscal Year 2025. U.S. CITIZENSHIP AND IMMIGRATION SERVS., AAO

APPEAL ADJUDICATIONS (2025), https://www.uscis.gov/sites/default/files/document/data/USCIS-

and-AAO-Data-for-Publishing-Thru-FY25.pdf.

15.    Generally, the AAO issues its appellate decisions as non-precedent decisions. In

limited circumstances, however, the AAO issues precedent decisions to provide guidance to

adjudicators and the public on the proper interpretation and administration of immigration law

and policy. An AAO decision may be designated as a precedent decision by the joint approval of

the DHS Secretary, the Board of Immigration Appeals, and the Attorney General.

16.    AAO non-precedent decisions are binding opinions on the parties involved in the

case. USCIS's AAO Practice Manual states that parties may not administratively appeal an

unfavorable AAO decision. ADMINISTRATIVE APPEALS OFFICE, U.S. CITIZENSHIP AND
IMMIGRATION SERVS., AAO PRACTICE MANUAL § 3.2 (Apr. 18, 2018),
https://www.uscis.gov/administrative-appeals/aao-practice-manual. Nonetheless, under certain
circumstances and particular statutes, parties may seek judicial review of an unfavorable
decision.

17.     USCIS officers may consider non-precedent decisions for instructional value in
addressing the issue(s) in the case at hand. Even though USCIS officers may not rely upon, nor
cite to, non-precedent AAO decisions as guidance or legal authority, the agency has described the
non-precedent decisions as the "predominant vehicle for resolving appeals." USCIS, Policy
Memorandum PM-602-0086.1 2 (Nov. 18, 2013), https://www.uscis.gov/sites/default/files/
document/memos/PM-602-0086-1_AAO_Precedent_and_NonPrecedent_Decisions_Final_
Memo.pdf.

18.     In 2016, USCIS created an online repository on its website publishing the
decisions dating back to 2005. As of this filing, the online repository indicates that the decisions
are "typically posted within a month of the decision being rendered." And, for years, USCIS in
fact published new AAO non-precedent decisions on the online repository within this timeframe,
typically within several weeks of their issuance.

19.     In March 2025, Defendants abruptly stopped posting the decisions on the website,
without any acknowledgement or explanation. As of this filing, the last posted decision in the
repository is dated March 12, 2025.

**B.  Plaintiffs Use the Decisions to Advise Clients and Inform Other Practitioners and the Public.**

20.     The decisions at issue provide critical information about how the agency applies
existing law and policy to the facts of a given case, and Plaintiffs regularly use the decisions in

the preparation of their appeals, to inform clients and practitioners of trends in adjudications, and inform legal challenges to trends that violate the law.

21.　Plaintiff The Legal Aid Society relies on these decisions to understand how USCIS is applying existing law and policy to applications and petitions for benefits. The Legal Aid Society reviews the decisions to identify and track trends and emerging issues so that their attorneys can quickly respond, in order to effectively represent its clients. This includes, without limitation, reviewing decisions regarding Violence Against Women Act Form I-360 self-petitions, Form I-918 petitions for U nonimmigrant status ("U visas"), Form I-914 petitions for T nonimmigrant status ("T visas"), and Form I-192 waivers regarding U visas and T visas, particularly in response to USCIS Requests for Evidence or Notices of Intent to Deny and in appeals to the AAO. AAO non-precedent decisions have been particularly useful in providing guidance about how USCIS adjudicates:

    a.　"substantial physical and mental abuse" in the context of U visa petitions under 8 U.S.C. § 1101(a)(15)(U)(i)(I) and 8 C.F.R. §§ 214.14(a)(8) and (b)(1);

    b.　revocation of an applicant's U visa under 8 C.F.R. § 214.14(h)(2);

    c.　the weight to be given arrests absent convictions or other corroborating evidence, in the adjudication of U visa petitions;

    d.　waivers of inadmissibility in the U visa context, under 8 C.F.R. § 212.17;

    e.　criminal histories in the U adjustment of status process under 8 U.S.C. § 1255(m);

    f.　treatment of noncitizen smuggling in trafficking situations in the T visa context;

g.  waivers of inadmissibility in the T visa context under 8 C.F.R. § 212.16, particularly regarding prostitution and noncitizen smuggling;

h.  waivers of inadmissibility in the T visa adjustment of status context under 8 C.F.R. § 212.18, particularly regarding prostitution and noncitizen smuggling;

i.  trafficking related to intimate partner violence in the T visa context;

j.  physical presence in the United States on account of trafficking, in the T visa context under 8 U.S.C. § 1101(a)(15)(T)(i)(II);

k.  the "clear and convincing evidence" standard for the bona fide marriage exception at 8 U.S.C. 1255(e)(3) where the petitioner married while in immigration removal proceedings, in the VAWA self-petition context under 8 U.S.C. §§ 1154(a)(1)(A) and (B).

22.  Plaintiff National Immigration Project also uses the decisions to help practitioners understand the latest adjudicatory practices and interpretation of policies, specifically those relating to applications for Special Immigrant Juvenile Status ("SIJS"). Plaintiff also uses the decisions to conduct training for practitioners on SIJS topics and provides technical assistance to practitioners on SIJS questions. For example, in 2025, National Immigration Project received 79 requests for technical assistance regarding SIJS and unaccompanied children.

23.  Plaintiff the Council also uses the decisions to inform practitioners of adjudication trends and other legal issues arising from USCIS's adjudication of benefit applications. For example, the Council published a Practice Advisory in 2024 on how to bring federal litigation in business immigration cases. The Practice Advisory cited these decisions to advise business immigration practitioners on how to properly submit additional evidence before the AAO. Further, in *MadKudu v. USCIS*, 5:20-CV-02653 (N.D.Cal.), the Council relied on AAO non-

precedent decisions to argue that the agency engaged in a pattern of conduct interpreting that market research analysts did not qualify for the H-1B "specialty occupation" visa category and establish the numerosity element for a class-action lawsuit.

**C. Plaintiffs' Efforts to Persuade Defendant USCIS to Proactively Disclose the Decisions**

24.     On July 31, 2025, Plaintiff National Immigration Project sent a letter to Defendant USCIS via email advising the agency of the suspension in publication of the decisions and requesting that the AAO resume publication of the decisions to the repository on the agency's website.

25.     Defendant USCIS did not respond to the July 31, 2025, letter.

26.     On September 5, 2025, Plaintiff National Immigration Project followed up as to the status of its July 31, 2025, letter via email.

27.     Defendant USCIS did not respond to the September 5, 2025, email.

28.     On November 18, 2025, Plaintiffs jointly filed a request under FOIA (hereinafter the "FOIA Request") to:

   a.  Inform Defendant USCIS that the AAO decisions issued since March 12, 2025, and decisions the AAO may issue in the future, constitute final opinions made in the adjudication of cases and must be proactively disclosed pursuant to 5 U.S.C. § 552(a)(2)(A); and

   b.  Request records of instructions issued or received by the AAO since January 20, 2025, regarding the agency's practice of publishing the decisions in the repository created in USCIS's website under 5 U.S.C. § 552(a)(3).

Plaintiffs included copies of the July 31, 2025, and September 5, 2025, communications in the request. A true and complete copy of the FOIA Request is attached and marked as *Exhibit A*.

29.    Plaintiffs also sought a fee waiver of any fees the agency may impose on the FOIA Request.

30.    On November 18, 2025, Defendant USCIS confirmed successful submission of the Plaintiffs' FOIA Request. Plaintiffs obtained confirmation of submission via the USCIS FOIA portal.

31.    USCIS designated Plaintiffs' FOIA Request as Tracking No. COW2025009180REQ.

32.    On January 14, 2026, Defendant USCIS sent a letter to Requesters acknowledging receipt of the FOIA Request. However, this letter notified the Requesters that USCIS had assigned the request a new Control Number, COW2026000006, instead of proceeding under the previously assigned Control Number. The acknowledgment also invoked FOIA's ten business-day extension to respond to the request.

33.    USCIS' January 14, 2026, letter fails to make a determination as to Plaintiffs' request for a fee waiver.

34.    As of the date of this filing, Defendants have not provided Plaintiffs with an appropriate determination with regards to the FOIA Request.

35.    As of the date of this filing, the AAO has not resumed publication of the decisions at issue or posted any decisions to the repository after March 12, 2025.

<u>**CLAIMS FOR RELIEF**</u>

**FIRST CLAIM FOR RELIEF: FAILURE TO PROACTIVELY DISCLOSE RECORDS**

36.    Plaintiffs incorporate by reference ¶¶ 1-35.

37.    The FOIA states that agencies shall make available for public inspection in an electronic format, "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases." 5 U.S.C. § 552(a)(2)(A).

38.     The AAO non-precedent decisions constitute final opinions under 5 U.S.C. § 552(a)(2)(A).

39.     Defendants have an obligation under the statute to make all AAO non-precedent decisions available for public inspection in an electronic format. Specifically, Defendants must publish the decisions issued since March 12, 2025, until the present on USCIS's dedicated webpage so that they are available for public inspection in an electronic format.

40.     Defendants must publish all future AAO non-precedent decisions on USCIS's dedicated webpage so that they are available for public inspection in an electronic format.

41.     By failing to proactively disclose these decisions, Defendants are in violation of their obligations under FOIA.

### SECOND CLAIM FOR RELIEF: FAILURES TO CONDUCT A REASONABLE SEARCH

42.     Plaintiffs incorporate by reference ¶¶ 1-35.

43.     In addition to seeking proactive disclosures of the decisions at issue, Plaintiffs requested production of records relating to Defendants' guidance about its practice of posting the decisions on USCIS' website under 5 U.S.C. § 552(a)(3).

44.     Plaintiffs have a legal right under FOIA for Defendants to conduct a reasonable search for records responsive to the Plaintiffs' FOIA Request. 5 U.S.C. § 552(a)(3).

45.     Defendants have not conducted reasonable searches for records responsive to these Requests.

46.     Defendants' failure to conduct a reasonable search for these records violates FOIA. *Id.*

### THIRD CLAIM FOR RELIEF: FAILURES TO MAKE RESPONSIVE RECORDS PROMPTLY AVAILABLE

47.     Plaintiffs incorporate by reference ¶¶ 1-35.

48.     Plaintiffs have a legal right under FOIA to obtain prompt production of all reasonably segregable non-exempt portions of all records sought in Plaintiffs' FOIA Request. 5 U.S.C. § 552(a)(3)(A).

49.     Defendants have yet to make any responsive records available to Plaintiffs in response to Plaintiffs' FOIA Requests.

50.     Defendants' failure to make these records available to Plaintiffs violates FOIA. *Id.*

**FOURTH CLAIM FOR RELIEF: FAILURE TO AWARD A FEE WAIVER**

51.     Plaintiffs incorporate by reference ¶¶ 1-35.

52.     Plaintiffs have a legal right to fee waivers on the FOIA Request under FOIA and Defendants' implementing regulations. *See* 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1).

53.     Defendants' failures to grant Plaintiffs a fee waiver on the FOIA Request violates FOIA and the agencies' implementing regulations.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

a.   Assume jurisdiction over the matter;

b.   Order Defendants to make available for public inspection the AAO non-precedent decisions issued since March 12, 2025, until the present in the same format and on the same webpage where USCIS previously published the decisions, in accordance with 5 U.S.C. § 552(a)(2)(A);

c.   Order Defendants to make all future AAO non-precedent decisions publicly available in the same format and on the same webpage where USCIS previously published the decisions, within one month of the decisions being rendered;

d.   Order Defendants to conduct a reasonable search for all records responsive Plaintiffs' FOIA Request in accordance with 5 U.S.C. § 552(a)(3);

e.  Order Defendants to promptly make available to Plaintiffs non-exempt records in their entirety and all reasonably segregable, non-exempt parts of other responsive records;

f.  Review any and all of Defendants' decisions to redact or withhold information in responsive records as exempt from disclosure;

g.  Grant Plaintiffs' fee waivers on their FOIA Request;

h.  Award Plaintiffs costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

i.  Grant other such relief as the Court may deem just and proper.

Date: February 10, 2026                              Respectfully submitted,

                                                     /s/   Hasan Shafiqullah

Raul A. Pinto                                        Hasan Shafiqullah, Esq.
AMERICAN IMMIGRATION COUNCIL                         THE LEGAL AID SOCIETY
PMB2026                                              49 Thomas St., 5th Floor
2001 L Street N.W., Suite 500                        New York, NY 10013
Washington, DC 20036                                 (646) 745-7166
(202) 507-7549                                       HHShafiqullah@legal-aid.org
rpinto@immcouncil.org

Rebecca Scholtz (*pro hac vice* forthcoming)
NATIONAL IMMIGRATION PROJECT
30 S. 10th St. (c/o Univ. Of St. Thomas
Legal Services Clinic)
Minneapolis, MN 55403
(202) 742-4423
rebecca@nipnlg.org

*Counsel for Plaintiffs*